EVANDER, J.
 

 After entering a no contest plea, Hernandez was convicted of trafficking in cocaine. He reserved the right to appeal the denial of his motion to dismiss in which he alleged that he had been entrapped as a matter of law. Because the trial court applied the wrong test in evaluating Hernandez’s entrapment defense, we reverse.
 

 Hernandez was the only witness at the hearing. He testified that he was addicted to cocaine and had been for the previous four to five years. He spent $80 to $120 every other day to purchase cocaine. Hernandez also used ecstasy, marijuana and other illegal drugs. Hernandez worked for a landscape company. On cross-examination, he admitted that his wages were insufficient to pay for both his daily living expenses and his illegal drugs and that to make up the difference, he sold marijuana. Hernandez testified that he made approximately $100/week from his marijuana sales. He denied that he had ever previously sold cocaine.
 

 During the 2007 summer, Hernandez was contacted by a confidential informant who requested Hernandez’s assistance in the purchase of either heroin or a large amount of cocaine. According to Hernandez, he told the informant “at least four or five times” that he did not want to be involved because it was “too risky.” However, when the informant promised him a portion of the product, Hernandez agreed to locate a seller. Hernandez claimed he only agreed to participate in the drug transaction because of his addiction. Hernandez further testified the informant was aware of his “problem” and had previously sold him cocaine.
 

 Hernandez subsequently located a seller and, on behalf of the informant, negotiated the purchase of one kilo of cocaine. When
 
 *750
 
 the seller, the informant, and Hernandez met to complete the transaction, law enforcement officers arrested the seller and Hernandez. The arrest took place on September 13, 2007.
 

 Hernandez’s testimony was significantly challenged on cross-examination. He was initially not forthcoming on the fact that he was a marijuana dealer. He also gave conflicting testimony as to his relationship with the informant, testifying on one occasion that he had known the informant for four to five years, on another occasion that he hadn’t had contact with the informant for four to five years, and finally testifying that he had known the informant for five years but had lost contact with him for two years. Hernandez also initially downplayed his role in the negotiations. Finally, Hernandez could not recall whether he had told the informant that he had “need[ed] the money.” (emphasis added).
 

 At the conclusion of Hernandez’s testimony, defense counsel argued that the trial court should apply the “objective” entrapment test and determine that Hernandez’s due process rights had been violated. Specifically, defense counsel contended that it was improper for the informant to entice Hernandez, an alleged known cocaine addict, into an unlawful transaction by promise of payment in the form of drugs.
 

 The prosecutor responded by incorrectly arguing that the trial court should apply the “subjective” test for entrapment and deny the motion because,
 
 inter alia,
 
 Hernandez had failed to establish that he was not “predisposed” to commit the charged offense. The prosecutor also observed that the trial court had not yet determined whether the State was required to disclose the confidential informant’s identity, and further if the court believed that Hernandez had put on sufficient evidence to support a dismissal of the charge, the State would request a continuance to enable it to present the informant’s testimony. It was also the State’s position that the notice of hearing had not afforded the State sufficient time to procure the informant’s presence.
 

 The trial court did not address the State’s motion for continuance prior to its denial of Hernandez’s motion. In denying the motion, the trial judge stated:
 

 I’m going to find that the testimony suggests a propensity to commit a sale and delivery of cocaine and therefore no entrapment has occurred.
 

 While the trial court may have correctly determined that Hernandez was not entitled to relief under Florida’s entrapment statute,
 
 [1]
 
 it failed to address the actual issued raised by Hernandez’s motion to dismiss — whether the government’s alleged misconduct constituted a violation of Hernandez’s due process rights.
 

 In 1985, the Florida Supreme Court adopted an “objective” entrapment test to determine if a defendant had been entrapped as a matter of law. Under that
 
 *751
 
 test, entrapment did not occur as a matter of law where police activity (1) had as its end the interruption of a specific ongoing criminal activity; and (2) utilized means reasonably tailored to apprehend those involved in the ongoing activity.
 
 Cruz v. State,
 
 465 So.2d 516, 522 (Fla.),
 
 cert. denied,
 
 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). However, in 1987, the Florida Legislature enacted section 777.201 which required courts to apply the “subjective” test for entrapment. The subjective test focuses on a defendant’s predisposition to commit the crime while the objective test focuses on the government’s conduct.
 
 Munoz v. State,
 
 629 So.2d 90, 94-95 (Fla.1993). In
 
 Munoz,
 
 the Florida Supreme Court determined that while the Legislature had the authority to adopt the subjective entrapment test, it could not adopt a statute that overruled a judicially established legal principle enforcing or protecting a federal or Florida constitutional right.
 
 Id.
 
 at 98. The court found that in the absence of egregious law enforcement conduct, the subjective test as set forth in section 777.201 was the test to be applied on the issue of entrapment. However, if law enforcement engaged in egregious conduct, an entrapment defense was to be evaluated under the due process provision set forth in Article I, section 9 of the Florida Constitution.
 
 Id.
 
 at 99.
 

 In the present case, Hernandez did not seek relief under section 777.201. Rather, based on his claim that the government had engaged in egregious conduct, Hernandez was seeking relief under Florida’s due process clause. In support of this argument, Hernandez cited to language from the
 
 pre-Munoz
 
 case of
 
 Pezzella v. State,
 
 513 So.2d 1328, 1330 (Fla. 3d DCA 1987) where, in applying the now-abrogated
 
 Cruz
 
 test, our sister court stated: “[ejnticing a drug addict to participate in an illicit drug sale by promising him drugs for his personal use is reprehensible conduct which should not be tolerated.” Hernandez suggests that this court should determine, as a matter of law and based solely on his testimony, that the government’s conduct violated due process. We decline to do so.
 

 First, while only Hernandez testified at the hearing, his testimony was impeached and, at times, internally inconsistent. As a result, this court is not bound to accept his testimony.
 
 Brannen v. State,
 
 94 Fla. 656, 114 So. 429 (1927). On remand, it will be for the trial court to determine Hernandez’s credibility.
 

 Second, we are unwilling to adopt a rule finding that it is a
 
 per se
 
 due process violation for a government informant to offer illegal drugs to a known drug addict as an inducement to enter into an illegal activity.
 
 See, e.g., Campbell v. State,
 
 935 So.2d 614, 619 (Fla. 3d DCA 2006) (no due process violation where defendant claimed he was acting under informant’s influence because informant had given him drugs for use at hotel away from defendant’s disapproving mother). A court must evaluate all relevant circumstances and then determine whether the government conduct “so offends decency or a sense of justice that judicial power may not be exercised to obtain a conviction.”
 
 State v. Blanco,
 
 896 So.2d 900, 901 (Fla. 4th DCA 2005);
 
 see also Campbell.
 
 As observed in
 
 State v. Williams,
 
 623 So.2d 462, 465 (Fla.1993), defining the limits of due process is difficult because due process “is not a technical conception within a fixed content unrelated to time, place and circumstances.”
 

 On remand, the trial court is to apply the objective test set forth in
 
 Munoz
 
 and determine whether there was a violation of Hernandez’s due process rights. We decline to determine whether the trial court should afford the State the opportunity to present the testimony of the confidential
 
 *752
 
 informant because the trial court did not rule on the State’s motion for continuance.
 

 REVERSED and REMANDED.
 

 SAWAYA and PALMER, JJ., concur.
 

 [1]
 

 . Section 777.201, Florida Statutes, provides: § 777.201. Entrapment.
 

 (1) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he or she induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.
 

 (2) A person prosecuted for a crime shall be acquitted if the person proves by a preponderance of the evidence that his or her criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.